DAWSON et, Plaintiffs-Appellants, v. PAULINE HOMES, INC., and LAWYERS TITLE INSURANCE CORP., Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5862. Decided June 10, 1958.

Harry A. Dawson, Ruby L. Dawson, Columbus, on behalf of themselves.

Stanton G. Darling, Columbus, for Pauline Homes, Inc., defendant-appellee.

Wright, Harlor, Purpus, Morris & Arnold, Columbus, for Lawyers Title Insurance Corp., defendant-appellee.

**OPINION**

By BRYANT, J.

This action was begun in the Municipal Court of Columbus. It arose with the purchase of a house and lot by Harry A. and Ruby L. Dawson, plaintiffs-appellants herein, from the Pauline Homes, Inc., one of two defendants-appellees.

The petition alleged certain warranties and representations as to full compliance with regulations of the Federal Housing Administration and the breach thereof. It also alleged certain other claimed wrongful acts and concluded with a prayer for Two Thousand Dollars' damages.

It appears that the Dawsons were represented by an attorney-at-law who prepared the petition and conducted the trial on their behalf. At

the conclusion of plaintiffs' evidence the trial court, on motion of defendants, gave judgment in favor of the defendants at the costs of the plaintiffs

It appears that the Dawsons became dissatisfied with the services rendered by this and another attorney employed by them and that there was a termination of their employment. The Dawsons then undertook carrying on the litigation, acting as their own attorneys. This they have the unquestioned right to do.

As before stated, the judgment' of the trial court was against the Dawsons It is quite clear that the Dawsons wished this court to review and reverse the judgment of the court below. It is also clear that they have failed to take steps which will permit this court to review that judgment. The so-called notice of appeal filed November 19, 1957 contains no statement whatever as to what judgment or final order of the court below is the subject of the appeal nor is there any reference to any date of which such judgment or final order was entered. On the contrary, the Dawsons flatly stated in said document:

"Plaintiffs find no court error in the proceedings of the trial of said case * * *."

This is followed by a statement that the attorney they employed "presented said case erroneously" and that "extenuating circumstances have obstructed justice." There is no amplification as to what the extenuating circumstances were.

The immediate question pending before this court arises under a motion filed by Lawyers Title Insurance Corp. to dismiss the appeal upon the following two grounds: (1) that the Dawsons failed to file a bill of exceptions or assign errors apparent on the record and (2) that the Dawsons have failed to file their assignment of errors and briefs within the time provided by law. The Dawsons relate the difficulties they have had with counsel they have employed, which is to be regretted.

Unfortunately for them this does not lessen their obligation to file a bill of exceptions where questions are sought to be raised with respect to the evidence. Nor does it lessen their obligation to file an adequate notice of appeal setting forth the judgment or final order appealed from. This was not done by the Dawsons.

They were also under a duty to file an assignment of errors and supporting brief containing the arguments in support of their claims and any authorities they might have.

Under this court's former Rule VII A (1)—effective until January 1, 1958—the said bill of exceptions was required to be filed in the trial court not later than forty days after the perfecting of the appeal by the filing of a notice of appeal, etc. This rule also sets forth the steps which follow including the filing of said bill of exceptions with the clerk of this court.

Later provisions in the same rule require the filing of an assignment of errors and briefs at the same time the bill of exceptions is filed with the clerk of this court. The fact is that as this opinion is being written approximately one hundred ninety days have elapsed since the filing of the notice of appeal.

74

For the reasons above set forth the motion to dismiss is well taken as to both of the grounds therein set forth. Said motion will, therefore, be sustained and the appeal will be dismissed at the costs of the plaintiffs-appellants.

PETREE, PJ, MILLER, J, concur.