OPINION
This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, overruling the motions for relief from judgment filed by plaintiff-appellant,
John S. Luchansky. The judgment from which appellant sought relief dismissed his action against defendants-appellees, Atty. George A. Chuparkoff, et al., with prejudice.
On March 11, 1996, appellant filed a pro se complaint against appellees sounding in legal malpractice, misrepresentation, breach of contract and negligence concerning a legal matter which commenced in April of 1995. Appellant claimed he was misled to believe appellees would represent him throughout his pending legal difficulties and was then abandoned by appellees. Appellant stated that it had been his desire to file a lawsuit against the Village of Poland, Mahoning County, Ohio as a result of a traffic citation which he received in said municipality. Appellant acknowledged that appellees did not expressly indicate that they would initiate such action on appellant's behalf, but believed nonetheless such behavior to be indicative of appellees' negligence in this matter.
Appellant complained that although he provided appellees with a $500.00 retainer fee, no contract outlining the legal services which appellees would provide was presented to him. Appellant further stated that although appellees represented him with regards to the subject traffic citation before the Poland Village Mayor's Court, appellant thereafter received a letter from appellees notifying him that appellees would not represent him in any further claims.
Appellees filed an answer and counterclaim on March 27, 1996, asserting that appellant failed to state a claim upon which relief could be granted and that appellant's complaint should be dismissed for failure to comply with the Ohio Rules of Civil Procedure. Appellees stated in their counterclaim that although appellant had filed a consumer complaint against them in October of 1995, the disciplinary counsel of the Ohio Supreme Court found no ethical violations or improprieties in appellees' representation of appellant. Therefore, appellees alleged that appellant's current action against them was filed to negligently, intentionally and/or recklessly harass and maliciously injure their reputation and goodwill in the legal community, thereby causing them damages. A notice to take appellant's deposition was also filed by appellees.
Appellant thereafter filed a motion to strike and dismiss appellees' counterclaim, along with a motion for judgment by default based upon appellees' alleged failure to comply with Civ.R. 28 (C). Appellees filed a response to appellant's motion, asserting that pursuant to Civ.R. 28 (C), and contrary to appellant's contention, the attorney asking questions during a deposition is not the person before whom a deposition is taken, but rather, a local court reporter is the individual before whom a deposition is taken. Appellees stated that they had, in fact, hired a local court reporter to take appellant's deposition and that such court reporter was neither a relative nor an employee. Appellees further offered that since they had filed an answer to appellant's complaint, default judgment pursuant to Civ.R. 55 was not warranted in this case.
Appellant responded by filing a litany of motions and pleadings, including the following: a motion to quash appellees' response to appellant's motion for default; an opposition to appellees' response to appellant's motion for default and a motion to find appellees in contempt of court; a notice to decline deposition; a motion for continuance regarding the taking of appellant's deposition; a motion for vagueness; a motion for cogency; and, a motion of intent.
Appellees then filed a motion for costs resulting from appellant's failure to appear for his deposition to which appellant again responded by filing various motions and pleadings, including: an opposition to appellees' motion for costs; a motion to reverse; a motion to reprimand; a motion to expedite default judgment; a motion for restraining order; and, a motion to expose entrapment.
On May 16, 1996, the trial court filed its judgment entry finding eight of appellant's pending motions to be totally without merit and thereby overruling said motions for default judgment, to strike and dismiss appellees' counterclaim, to find appellees' in contempt, for continuance, for cogency, to quash, for vagueness and of intent.
Appellant next filed a motion for relief from judgment and a motion to recuse, along with an answer to appellees' counterclaim. On June 3, 1996, the trial court filed its judgment entry overruling such motions. Appellant then filed an application for reconsideration on his motion to recuse, followed by an application for reconsideration on his motion for relief from judgment.
Appellees filed a second notice of deposition on July 1, 1996, to which appellant responded by filing a notice to decline deposition. Appellees thereafter filed a motion to dismiss the within action for failure to prosecute. Appellant filed a reply, along with another motion for default judgment. Appellant also filed a motion for reconsideration of his motion to strike and dismiss appellees' counterclaim; a motion for reconsideration of his motion for default judgment; a motion to expedite the within case to pre-trial and/or trial; a motion to quash a September 9, 1996 hearing on appellees' motion to dismiss; and, an additional motion for default judgment.
On December 23, 1996, the trial court filed its judgment entry regarding appellant's motion for relief from the judgment granted May 16, 1996 and application for reconsideration. The trial court dismissed appellant's motion, holding that there was no provision for reconsideration in the Ohio Rules of Civil Procedure. The trial court further dismissed the within cause of action with prejudice, finding that no meritorious claim was presented by appellant against appellees.
Appellant thereafter filed a motion to reverse, followed by a motion for relief from judgment pursuant to Civ.R. 60 (B) (1) (5) and a motion for relief from judgment pursuant to Civ.R. 60 (B) (2). On July 11, 1997, the trial court filed its judgment entry stating that appellant had not presented any reason justifying relief from judgment. Thus, the trial court thereby denied appellant's motions. This appeal followed.
On October 8, 1997, appellees filed a motion to dismiss with this court based upon appellant's alleged failure to present a timely appeal. By journal entry filed May 22, 1998, this court overruled appellees' motion to dismiss and specified that the within appeal was limited to a review of the trial court's decision filed on July 11, 1997, overruling appellant's motion for relief from judgment.
Appellants' sole assignment of error on appeal alleges:
 "(PREJUDICIAL ERROR AND ABUSE OF DISCRETION BY TRIAL JUDGE)."
Appellant's motion for relief from judgment filed on January 30. 1997 was brought pursuant to Civ.R. 60 (B) (1) and (5). Appellant claimed in such motion that he did state a cause of action in this matter. Appellant further alleged that the trial judge who issued the court's decision on May 16, 1996 was not originally assigned to this case and merely granted judgment in appellees' favor because appellees had contributed $250.00 to said trial judge's judicial campaign.
On February 10, 1997, appellant filed a subsequent motion for relief from judgment pursuant to Civ.R. 60 (B) (2). Appellant claimed in this motion that he should be granted relief from the trial court's decision filed on December 23, 1996 in light of the fact that appellees never divulged to appellant that they had supported the husband of the mayor for the Village of Poland in his judicial campaign. Appellant believed this was relevant because it had been his desire to file a lawsuit against the Village of Poland, Mahoning County, Ohio as a result of the traffic citation which he received in said municipality.
Appellant alleges on appeal that the trial court committed prejudicial error and abused its discretion in permitting appellees to violate EC 5-1, EC 5-2, EC 5-19, and EC 9-4. EC 5-1 requires that a lawyer be free from compromising influences and loyalties. EC 5-2 provides that a lawyer should be free from interests which may affect his ability to exercise professional judgment on behalf of a client. EC 5-19 indicates that a lawyer should explain any circumstances which might cause a client to question such lawyer's undivided loyalty. Finally, EC 9-4 states that a lawyer should avoid even the appearance of professional impropriety and should not attempt to circumvent the proper legal procedure. In support of his contentions, appellant cites to this court's decision in State ex rel. Olinik v. Nemeth (Dec. 6, 1995). Mahoning App. No. 95-C.A.-159, unreported.
Civ.R. 60 (B) provides, in pertinent part:
 "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
To prevail on a motion for relief from judgment pursuant to Civ.R. 60 (B), the movant must demonstrate: (1) a meritorious claim or defense and (2) entitlement to relief under one of the grounds stated in Civ.R. 60 (B) (1) through (5); and (3) timeliness of the motion, and where the grounds of relief are Civ.R. 60 (B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. In reWhitman (1998), 81 Ohio St.3d 239, 242, citing to GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The question of whether relief from judgment should be granted is within the sound discretion of the trial court. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. Absent an abuse of said discretion, the decision of a trial court on a motion for relief from judgment will be affirmed. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's conduct was unreasonable, arbitrary or unconscionable.State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 106, 107.
We must note, as we did in Jancuk v. Jancuk (November 24, 1997), Mahoning App. No. 94 C.A. 221, unreported:
 "Although appellant is proceeding pro se, pro se litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First National Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210 * * *. See also Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90 * * *. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. "Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasu v. Tate (1992). 83 Ohio App.3d 199, 206 * * *. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party."
Other than a blanket assertion concerning appellees' judicial campaign contributions, appellant points to no specific or articulable fact in the record, either in his motions for relief from judgment or in his brief on appeal, which would suggest that appellees conducted themselves in anything other than a professional manner with regards to both their representation and non-representation of him. This court knows of no disciplinary or ethical code provision which would imply that an attorney who makes a contribution to a judicial campaign should not thereafter appear before a judge to whom such contribution was provided. There is no indication in the record that judgment was rendered in favor of appellees as a result of their contributions to the judicial campaigns in question, nor has appellant pointed to any particular fact to suggest otherwise.
Appellant does not complain that appellees were ineffective or acted inappropriately in representing him on the traffic citation which he received in the Village of Poland. Rather, appellant takes issue with the fact that appellees declined to further represent him in a civil lawsuit which he desired to bring against the Village of Poland, Mahoning County, Ohio as a result of the aforementioned traffic citation. Appellant acknowledged that he received a letter from appellees declining further representation, prior to any additional legal services being commenced on his behalf. This is all that is required. Appellant further acknowledged that appellees never specifically indicated that they would initiate a lawsuit against the Village of Poland on his behalf.
Appellant also conceded in his answer to appellees' counterclaim that he filed a consumer complaint against appellees on or about October 20, 1995. Although appellant took issue with the fact that the disciplinary counsel of the Ohio Supreme Court found no ethical violations or improprieties in appellees' representation of him, he offered no specific evidence to suggest that the counsel should have ruled to the contrary.
Finally, appellant's reliance on Olinik, supra is misplaced as such case is not analogous to the case at bar. InOlinik, we found that the respondents attempted to circumvent the order of this court by tendering money for lost wages from the date of this court's order of reinstatement to the actual date of return to work. We found such action to be an affront to this court and evidence of a total disregard for the authority of this court. Appellees, in the case subjudice, have not violated an order of any court.
Appellant filed numerous pleadings in this matter in which he presented convoluted reasons as to why he believed he had a viable claim against appellees. On appeal, appellant merely states that the trial court permitted appellees to violate several ethical rules. Appellant has failed to point to facts which would support his contentions other than a blanket assertion regarding appellees' judicial campaign contributions. As previously stated, this court will not construct claims from convoluted reasoning and will not act as appellate counsel forpro se litigants. Jancuk, supra.
Upon a thorough review of the record on appeal, it cannot be said that the trial court abused its discretion in overruling appellant's motions for relief for judgment. The trial court was correct in finding that appellant did not establish a meritorious claim against appellees and properly dismissed the within cause of action with prejudice.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ EDWARD A. COX, PRESIDING JUDGE