OPINION
This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, sustaining the motion for summary judgment filed by plaintiff-appellee, David B. Roberts, and thereby dismissing the counterclaim filed by defendants-appellants, Mark A. Turner and Dolores Turner.
During the years 1994 and 1995, appellee performed, or had performed, the construction of a pond for appellants on their real property located on Stoltz Road, in Milton Township, Mahoning County, Ohio. Appellee claimed the reasonable sum for services rendered totaled $11,750.00. Appellants disputed the payment of such amount and the quality of the services rendered. In an effort to resolve all disputes and competing claims, appellee and appellants entered into a mutual release and settlement agreement (mutual agreement) dated October 28, 1996. Appellee agreed to accept, and appellants agreed to pay, the sum of $5,000.00 as a full and final payment on the disputed claim. The mutual agreement, signed by both parties, stated in relevant part:
 "1. The Turners agree to pay the sum of $5,000.00, the receipt of which is hereby acknowledges (sic) by Roberts, as full satisfaction and accord of the debt in the amount of $11,750.00. * * *.
 "2. It is further understood and agreed that this Mutual Release and Settlement constitutes the knowing and voluntary compromise of the debt set out above in the Recitals and shall be a complete bar to an (sic) future claims; demand, action, or proceeding by any party against any other party arising or growing out of any of the matters recited above." (Emphasis added).
On or about October 29, 1996, appellants tendered a check to appellee in the amount of $5,000.00. However, appellee destroyed the negotiability of said check by mistakenly endorsing it to an erroneous bank account. Thereafter, appellee claimed that numerous attempts were made to acquire a replacement check from appellants. Appellants refused to write another check and denied appellee's right to have the check reissued.
On February 14, 1997, appellee filed a complaint against appellants demanding judgment in the amount of $5,000.00, together with interest and costs. Appellants filed an answer denying the allegations set forth by appellee, along with a counterclaim maintaining that appellee committed acts constituting fraud and negligent workmanship. Appellants also' claimed that the pond in question did not satisfy county codes, did not meet the correct dimensions and was not set to the proper depth. Appellants demanded $5,500.00 in compensatory damages.
On July 8, 1997, the trial court ordered this matter into arbitration. Following a hearing, the arbitrator filed his report and award on December 4, 1997, finding for appellee and awarding him the sum of $5,000.00, plus interest and costs. The arbitrator also found in favor of appellee on appellants' counterclaim. Appellants objected to the arbitrator's decision and demanded a jury trial.
On January 5, 1998, appellee filed a motion for summary judgment. Appellee asserted that an accord and satisfaction was present in the mutual agreement, thereby obligating appellants to pay $5,000.00. Appellee also argued that the doctrine of release served as a complete bar to appellants' counterclaim. Appellants responded by filing a motion in opposition to appellee's motion for summary judgment.
The trial court filed its judgment entry on April 10, 1998, sustaining appellee's motion, awarding appellee the sum of $5,000.00, plus interest and costs, and thereby dismissing appellants' counterclaim. This appeal followed.
Appellants purportedly set forth seven arguments addressing error, which allege respectively as follows:
 "THE 7TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURTS (sic) DECISION AND REMAND THE CAUSE OF ACTION TO TRIAL BY JURY AS A MATTER OF ARGUMENT AND LAW FOR SUMMARY JUDGEMENT.
 "THE PLAINTIFF WAS NOT ENTITLED TO SUMMARY JUDGEMENT BECAUSE THERE WAS NO PREEXISTING CONTRACT.
 "SUMMARY JUDGEMENT WAS NOT APPROPRIATE AND MUST BE REVERSED ON THE GROUNDS OF FRAUDULENT ACCOUNTING.
 "SUMMARY JUDGEMENT MUST BE REVERSED ON THE GROUNDS OF FRAUDULENT PROCUREMENT AND COERCION.
 "THE DOCTRINE OF `ACCORD AND SATISFACTION' IS NOT APPLICABLE IN SUMMARY JUDGEMENT BECAUSE FRAUD CO-EXISTED.
 "SUMMARY JUDGEMENT MUST NOT BE UPHELD WITH REGARD TO `DOCTRINE OF RELEASE' AND THE DEFENDANTS COUNTER CLAIM.
 "THE 7TH DISTRICT COURT OF APPEALS MUST REVERSE THE LOWER COURT DECISION WITH REGARD TO APPLICABLE RULES FOR GOVERNING AND OPPOSING SUMMARY JUDGEMENT AT LAW."
At the outset, it must be noted that appellants have failed to comply with App.R. 16, which reads, in pertinent part:
 "(A) Brief of the appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"(1) A table of contents, with page references.
 "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
"(8) A conclusion briefly stating the precise relief sought."
Appellants have failed to follow all of the requirements set forth in App.R. 16(A). This court was confronted with a similar situation in Jancuk v. Jancuk (Nov. 24, 1997), Mahoning App. No. 94 C.A. 221, unreported, wherein we stated as follows:
 "Although appellant is proceeding pro se, pro se litigants are bound by the same rules and procedures as litigants who retain counsel." Meyers v. First National Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210 * * *. See also Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90, * * *. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmusa v. Tate (1992), 83 Ohio App.3d 199, 206 * * *. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party." (See also, Luchansky v. Chuparkoff (June 30, 1999), Mahoning App. No. 97 C.A. 156, unreported).
Notwithstanding the fact that appellants have failed to comply with App.R. 16, we find their arguments in this matter to be convoluted and otherwise without merit.
Appellants allege that all relevant facts were in dispute and therefore, genuine issues of material fact existed in this matter to preclude an award of summary judgment in appellee's favor.
Appellants repeatedly state that appellee committed various acts of fraud, including fraud in procurement of the mutual agreement, concealment and misrepresentation. Appellants argue that the language alluding to a release of claims in the mutual agreement was fraudulently contrived and hence, was not legally enforceable. Appellants further state that when the mutual agreement was being negotiated, appellee falsified a billing statement in the amount of $11,750.00 for services allegedly rendered on their property. Appellants essentially contend that as they set forth a legitimate claim of fraud in defense of the contract dispute at issue, they had the right to a jury trial.
Although appellants acknowledge that appellee performed certain work on their property, they deny that they entered into a contract for the completion of such work. Appellants ostensibly maintain that since there was no pre-existing contract for the performance of work on their property, they were never indebted to appellee and the mutual agreement between them was void. Appellants also state that they did not understand the mutual agreement that they entered into with appellee, thereby making it void.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo review of the record. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Summary judgment is governed by Civ.R. 56(C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Welco Industries,Inc. v. Applied Companies (1993), 67 Ohio St.3d 344, 346; Civ.R. 56(C).
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
In support of their motion in opposition to appellee's motion for summary judgment, appellants offered no evidence, other than mere conclusory assertions and a self-serving affidavit, to indicate that appellee committed any acts of fraud, concealment or misrepresentation with regards to this matter.
Inasmuch as appellee met his initial burden pursuant toDresher, supra, by presenting the mutual agreement executed by the parties, appellants were required to submit any evidence to support their claims for which they bore the burden of production at trial. Appellants' reliance upon contrary allegations, without more, was insufficient as a matter of law to overcome appellee's motion for summary judgment.
The mutual agreement at issue contained language which referred to the release of all claims and further, constituted an accord and satisfaction. An accord and satisfaction is not dependent upon the existence of an underlying contract and, in fact, involves the creation of a new agreement between the parties.Allen v., R.G. Industrial Supply (1993), 66 Ohio St.3d 229. To have an accord and satisfaction, there must be an unliquidated or disputed contract, such as in the case at bar. Thus, the mutual agreement entered into between appellee and appellants was, itself, an independent contract which did not rely upon any previous contracts that may or may not have been entered into between the parties.
Based upon a thorough review of the record, we find that the trial court properly granted summary judgment in favor of appellee and dismissed appellants' counterclaim. Appellants' arguments on appeal are found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., WAITE, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE