OPINION
Defendant-appellant, John Glasure, appeals his conviction in the Carroll County Court for speeding.
On April 23, 1999, Deputy Chad Mowrer of the Carroll County Sheriff's Office and Officer Hale of the Bergholz Police Department were conducting a stationary radar check at the Fox Township Fire Department, adjacent to State Route 524. At approximately 4:41 p.m., Deputy Mowrer observed appellant's truck traveling at a high rate of speed. The radar unit put the truck's speed at 62 miles per hour. Appellant continued at this speed in a 55 mile per hour zone and then into a 35 mile per zone. Deputy Mowrer stopped appellant and issued him a speeding ticket for driving 62 miles per hour in a 55 mile per hour zone.
Appellant's arraignment took place on May 3, 1999. After pleading not guilty, he indicated to the court that he would be filing a "Motion for Change of Venue" and "Change of Judge" because he did not feel that he would get a fair trial before the sitting judge. The court responded that appellant was "welcome" to do that and informed appellant that he was not entitled to an appointed attorney but could retain one at his own expense. The matter was then continued for trial.
When appellant's case came for trial to the court on May 17, 1999, appellant reiterated his belief that he could not get a fair trial before the judge. The judge informed appellant that he could file a motion to have him removed. Appellant indicated that he would do so. The court continued the trial further to allow appellant to file the motion.
Appellant failed to take any action to have the judge removed and the case finally proceeded to trial to the court on June 30, 1999. At trial, appellee, State of Ohio, acting through the Carroll County Prosecutor's Office, presented the testimony of Deputy Mowrer and Officer Hale. Appellant presented no evidence. The court found appellant guilty of speeding in violation of R.C.4511.21 (D) (1) and fined appellant $100 plus costs. This appeal followed.
As with the proceedings below, appellant is pursuing this appeal pro-se. In his brief, appellant presents three assignments of error. At the outset, it should be noted that appellant's brief does not conform to the requirements of App.R. 16. On previous similar occasions this court has taken the following position:
 "Although appellant is proceeding pro se, pro se litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First National Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. See also Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. "Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827. Furthermore, this court will not become's appellate counsel for pro se
litigants. Such action would be inherently unjust to the adverse party." Jancuk v. Jancuk (Nov. 24, 1997), Mahoning App. No. 94 C.A. 221, 1997 WL 778831 at *5
Appellant, as the party asserting an error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9 (B). More specifically, App.R. 16 (A) (7) requires that an appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and thereasons in support of the contentions, with citations to theauthorities, statutes, and parts of the record on which appellantrelies.
Appellant's brief barely approaches minimal compliance with the aforementioned appellate rules and lacks any syllogistic premise followed by an articulable analysis. Nonetheless, in the interests of justice, we will address the core legal issues presented by appellant's assignments of error.
Appellant's first assignment of error states:
 "The trial court erred in the refusing of the trial judge. Charles Johnston, to step down, forcing John Glasure to be tried by a judge (Charles Johnston) that had already stated in another trial, on the record, that John Glasure was not an attorney and he (judge) did not have to listen to anything he (John Glasure) had to say. Also he (judge) did not have to read anything that he (John Glasure) filed into his court. The judge was already bias against John Glasure, depriving him of a fair and impartial trial under the Fifth Amendment to the United States Constitution."
In support of this assignment of error, appellant offers nothing more than the definitions of bias and prejudice. Appellant offers no record support to substantiate his claims.
At his arraignment, appellant told the court that he would be filing a motion for "Change of Judge." When appellant's case came for trial the first time, appellant had yet to file any motions but nevertheless reiterated his belief that he could not get a fair trial before the judge. The court continued the matter further so as to give appellant additional time to file the motion. The judge even went so far as to educate appellant on the procedure for seeking his own disqualification. When the case came for trial a second time, appellant still had yet to file any motion. Consequently, appellant waived that issue and cannot now claim it as error on appeal.
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "John Glasure was denied the right to a closing argument, the final statement by the attorney or person defending himself to jury or court summarizing the evidence they think they have established and the evidence they think the other side has failed to establish. Such is made before judge's charge to jury or judge's decision. Such does not constitute evidence and may be limited in time or by rule of the court. See Black's Law Dictionary."
The Sixth Amendment right to counsel in a criminal prosecution has been interpreted so as to guarantee that the defendant has an "opportunity to participate fully and fairly in the adversary factfinding process." Herring v. New York (1975), 422 U.S. 853,858. Closing arguments provide the defense with an opportunity to summarize the evidence and serve as a "basic element of the adversary factfinding process." Id. Accordingly, the defendant cannot be denied the opportunity to make a closing argument even if the matter is a bench trial that appears "open and shut" at the close of the evidence. Id. at 862-863. However, although the defendant must be afforded an opportunity to make a closing argument and is afforded wide latitude in making such an argument, a trial judge retains discretion to limit the duration and scope of closing arguments. Id.; Pang v. Minch (1990),53 Ohio St.3d 186, 194. Thus, a trial judge's limitation on closing arguments will not be reversed absent an abuse of discretion.Pang, 53 Ohio St.3d at 194.
Furthermore, the United States Supreme Court has stated that:
 "At the same time and without detracting from the fundamental importance of the right to counsel in criminal cases, we have implicitly recognized the necessity for preserving society's interest in the administration of criminal" justice. Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. Our relevant cases reflect this approach." U.S. v. Morrison (1981), 449 U.S. 361, 364
In this case, the trial court cut short appellant's attempt at a "final statement." However, said decision did not constitute an abuse of discretion. Throughout the presentation of the state's case, appellant continually attempted to interject his own testimony. It is clear from the record that when it came time for appellant's closing argument, he intended on testifying without the attendant responsibilities of taking an oath or subjecting himself to cross-examination. Appellant's intent was illustrated by his explanation that he would not be testifying because he believed the proceedings were akin to a "kangaroo court." Clearly, allowing appellant to testify would have been beyond what is allowed in closing argument. Therefore, the trial court's action was not an abuse of discretion.
Accordingly, appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "John Glasure was denied effective assistance of counsel, a right secured by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10 and 16, Article I
of the Ohio Constitution, when Judge Johnston stated into the record, the court would not provide an attorney for John Glasure, before John Glasure could ask for an attorney."
Appellant was convicted of speeding in violation of R.C.4511.21 (D) (1). The penalties provision found in R.C. 4511.99
classifies the violation as a minor misdemeanor. The maximum fine for a minor misdemeanor is $100 with no possibility of incarceration. R.C. 2929.21. It is axiomatic that the potential for actual imprisonment must exist before there is a right to court appointed counsel. Scott v. Illinois (1979), 440 U.S. 367;State v. Brandon (1989), 45 Ohio St.3d 85.
Accordingly, appellant's third assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs, Waite, J., concurs.
 ___________________ Gene Donofrio Judge