OPINION
Appellant, Bohumila Slabochova, appears to come before us in an attempt to appeal a Judgment Entry filed May 6, 1999, in the Mahoning County Common Pleas Court. For the reasons which follow, the trial court decision must be affirmed.
At the outset, this Court cannot even set out a statement of the facts nor can it coherently lay out a procedural history of this matter. Appellant has not done so in her brief and Appellee has failed to file a responsive brief. It would appear that Appellant was sued by her condo association and/or the association's managers for some arrearages in utility payments claimed by the association. These arrearages are vociferously denied by Appellant. At some point in the trial court, Appellant secured counsel for part of the proceedings. Although some letters appear in the file, no real filings were made by counsel. Virtually all responsive pleadings and motions were made by Appellant pro-se. Herein lies the basis of Appellant's problem before this Court as well as the trial court.
In an attempt to decide the matter before us, we reviewed the record below. A review of the trial court filings fails to enlighten us as to the claims or proceedings. Certainly, a review of the appellate filings to date, and these are numerous, provides no insight into Appellant's matter before us. All of the filings before us appear to be little more than barely coherent ramblings, replete with misspellings, lack of punctuation and any form of grammar. While Appellant's "Brief" contains certain numbered "paragraphs," none of these present in any cogent form an assignment or assignments of error, analytical discussion or references to the record. Indeed, there appears to be no transcript record of any hearings, even though it appears that Appellant may have had one or more hearings below.
A further complication is that the order which Appellant currently appeals (there have been at least three prior notices of appeal filed in this matter) appears to be a journalization of a settlement agreement. Said entry merely states that pursuant to an earlier entry (which apparently was not appealed) Appellant was given 120 days to pay an agreed-to arrearage or face foreclosure. The entry recites that the arrearage was paid and states that the matter was settled and dismissed. What we may glean from Appellant's filings and "Brief" is that Appellant does not believe the matter was settled and disputes that she owed any monies to Appellee.
It is obvious that Appellant has completely failed to follow the Rules of Appellate Procedure in this matter, most especially App.R. 16. This rule requires:
"(A) Brief of the appellant
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"(1) A table of contents, with page references.
 "(2) A table of cases, alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 "(8) A conclusion briefly stating the precise relief sought.
"* * *
"(D) References in briefs to the record
 "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected.
"(E) Reproduction of statutes, rules, regulations
 "If determination of the assignments of error presented requires the consideration of provisions of constitutions, statutes, ordinances, rules, or regulations, the relevant parts shall be reproduced in the brief or in an addendum at the end or may be supplied to the court in pamphlet form."
It is obvious that Appellant has complied with none of the above. Her brief illustrates a complete disregard for the Rules of Procedure. It lacks the requisite statement of assignments of error, cites to no case law, statutes or other authority, has no cognizable statement of issues presented for review, statement of the case or discussion of earlier proceedings, does not include a statement of facts (at least in any intelligible fashion), argument with citations to the record or coherent conclusion. In short, Appellant's brief is, as are her motions, indecipherable.
This Court has earlier stated, regarding pro-se litigants:
 "Although appellant is proceeding pro se, pro se
litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First Nation Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. See also Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party."
 Jancuk v. Jancuk (Nov. 24), 1997, Mahoning App. No. 94 C.A. 221, 1197 WL 778831 at *5.
Further, in State v. Glasure (May 23, 2000), Carroll App. No. 724, 2000 WL 748137 at 2, we held that:
 "Appellant, as the party asserting an error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; App.R. 9(B). More specifically, App.R. 16(A)(7) requires that an appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
As discussed above, absolutely none of these strictures was followed nor was an attempt made to comply with them. Appellant apparently has little understanding of our role in the process or our appellate rules. Evidence of this can be seen in Appellant's attempts to subpoena a "witness" for oral argument. If Appellant were familiar with even the most basic of our functions, Appellant would understand that we are a court of review, limited to the record the parties made before the trial court. Normally we would attempt to review the issues presented in some fashion in order to give Appellant her day in court. However, the state of the record before us prohibits this. The record itself is in chaos, preventing our own preparation of a cogent statement of the case. That, coupled with an inability to accurately determine what errors at the trial court level Appellant now complains of makes our review an impossibility.
We must note that Appellant is vehement that wrongs have been committed against her. Her vehemence that she has been wronged does seem sincere and we are sympathetic to the fact that not only is Appellant proceeding pro se, but there is an apparent language barrier as well, due to the fact that English is not Appellant's native language. Appellant's claims to this Court, however, as best we can decipher them, seem to be in the nature of criminal allegations against certain individuals who are condominium owners and/or are in the Appellee condo association and their lawyers. If this is the case, Appellant is in the wrong forum for these allegations and we would direct her to seek out the prosecutor's office. As an intermediate court of review, we cannot hear or decide new claims. Unfortunately, based on the record and Appellant's briefs and motions, we cannot at this point review those claims which she may have raised in the trial court.
For all of the foregoing, and based on our inability to adequately review the matter based on her filings, we must affirm the trial court decision below. Any pending motions yet before this Court are hereby overruled.
DONOFRIO, J., concurs, VUKOVICH, P.J., concurs.