OPINION
Defendant-appellant, Sirous Jafari, appeals a judgment rendered in the Belmont County Court, Western Division, awarding $491.51 to plaintiff-appellee, Reco Equipment, Inc.
This case arises from a dispute over the purchase of a used "Bobcat." Appellant purchased the machine from appellee. Appellant also agreed to pay appellee to perform some repairs on the machine. Appellee performed the repairs and, after appellant refused to pay for them, filed a small claim complaint against appellant seeking $491.51. Appellant cross-claimed for $2,900.00. Appellant alleged fraud and misrepresentation concerning the sale.
The case proceeded to a bench trial on July 2, 1999. Appellee presented the testimony of two witnesses. Appellant, proceeding pro se, testified on his own behalf and submitted certain documents.
On July 16, 1999, the trial court filed its decision entering judgment for appellee in the amount of $491.51 and denying appellant's counterclaim. This appeal followed.
Appellant's brief consists of one paragraph of argument occupying no more than one-half of one 8½ x 11 piece of paper. He presents no assignment of error as is required by the appellate rules. The crux of his argument is that one of appellee's witnesses perjured himself at trial. However, appellant presents nothing in the way of evidentiary or record support.
In Jancuk v. Jancuk (Nov. 24, 1997), Mahoning App. No. 94 C.A. 221, unreported, 1997 WL 778831 at *5, this court noted:
 "Although appellant is proceeding pro se, pro se
litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First National Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. See also Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party."
Appellant, as the party asserting an error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B). More specifically, App.R. 16(A)(7) requires that an appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons insupport of the contentions, with citations to the authorities, statutes,and parts of the record on which appellant relies.
Appellant has made no reference to matters made part of the record before this court demonstrating any error in the proceedings below. Although he alleges perjury by one of the witnesses for appellee, he offers no evidentiary or record support for this contention. Accordingly, we are left with no choice but to summarily affirm the judgment of the trial court. ____________ DONOFRIO, J.
HON. GENE DONOFRIO, HON. CHERYL L. WAITE, and HON. MARY DEGENARO.