This timely appeal comes for consideration upon the record and the filings by the parties. Appellant Danny Moore (hereinafter "Moore") appeals from the Monroe County Court judgment in favor of Appellee A.R. Mahone (hereinafter "Mahone") in the amount of $3,000 in damages. For the following reasons, we dismiss the instant appeal.
It appears Moore had rented a trailer from Mahone for a period of years. After Moore moved out of the trailer, Mahone brought suit against Moore for damage done to that trailer. Moore's pro se "brief" is merely a letter stating why he should not be found liable in the underlying suit. In response, Mahone filed a letter with the Court indicating an inability to appear for a hearing, and requesting that we affirm the decision of the trial court.
Moore's failure to follow any of the dictates of App.R. 16(A) is equivalent to not filing a brief at all and would, in and of itself, be grounds for dismissing the appeal. See App.R. 18(C). A court of appeals generally has the authority to dismiss an appeal for an appellant's failure to follow the Rules of Appellate Procedure. App.R. 3(A).
When an appellant fails to file any cognizable assignments of error, an appellate court has nothing to review and any opinion rendered by the court would be based on mere speculation. "This court cannot and will not search the record in order to make arguments on appellant['s] behalf."Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240.
Moore has failed to follow the Rules of Appellate Procedure in this matter, particularly App.R. 16, which requires:
"(A) Brief of the appellant
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"(1) A table of contents, with page references.
 "(2) A table of cases, alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 "(8) A conclusion briefly stating the precise relief sought.
"* * *
"(D) References in briefs to the record
 "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected.
"(E) Reproduction of statutes, rules, regulations
 "If determination of the assignments of error presented requires the consideration of provisions of constitutions, statutes, ordinances, rules, or regulations, the relevant parts shall be reproduced in the brief or in an addendum at the end or may be supplied to the court in pamphlet form."
Moore's one page "brief" fails to contain any of these elements. This Court previously addressed the limited leeway accorded briefs prepared bypro-se litigants:
 "Although appellant is proceeding pro se, pro se
litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First National Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210. See also Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se
filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party." Jancuk v. Jancuk (Nov. 24, 1997), Mahoning App. No. 94 C.A. 221, unreported at *5.
This Court further held in State v. Glasure (May 23, 2000), Carroll App. No. 724, unreported at 2:
 "Appellant, as the party asserting an error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B). More specifically, App.R. 16(A)(7) requires that an appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statues, and parts of the record on which appellant relies."
As none of these strictures were followed nor was an attempt made to comply with them, we dismiss this appeal for failure to comply with the appellate rules.
Donofrio, J., concurs in judgment only.
Waite, J., concurs.