{¶ 1} Defendant-appellant, Terry L. Fish, appeals from a Monroe County Court decision granting summary judgment to plaintiff-appellee, OSI Funding L.L.C.
 {¶ 2} Appellee filed a complaint against appellant on February 27, 2002 alleging it had purchased an assignment of interest of appellant's credit card from the original creditor. It further alleged that it was exercising its right to accelerate the time for payment of the full balance owed by appellant, which was $2,003.42. The complaint stated that appellee had demanded payment from appellant and appellant failed to pay. Therefore, appellee sought judgment against appellant for the balance on the account plus interest.
 {¶ 3} On April 29, 2002, appellee filed a motion for summary judgment alleging no genuine issues of material fact existed and it was entitled to judgment as a matter of law. Appellant, acting pro se, filed a response. On June 21, 2002, the trial court entered summary judgment in favor of appellee in the amount of $2,003.42 plus interest. Appellant filed his timely notice of appeal from this judgment on July 18, 2002.
 {¶ 4} Appellant has not filed a brief in this matter, but has filed what can best be described as a two-paragraph request to vacate the trial court's decision. Appellant has failed to comply with numerous Appellate Rules.
 {¶ 5} First, appellant's "brief" fails to comply with almost every provision of App.R. 16(A). It does not include a table of contents or a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2). In fact, it does not contain any cases, statutes, or authority as support. It does not include assignments of error, in violation of App.R. 16(A)(3). It does not include a statement of the issues presented for review, as required by App.R. 16(A)(4). It does not contain a brief statement of the case, as mandated by App.R. 16(A)(5). It does not include a statement of the facts relevant to assignments of error with references to the record, in contravention of App.R. 16(A)(6). Perhaps most importantly, the "brief" does not include an argument with citations to authorities, statutes, and portions of the record on which appellant relies, in violation of App.R. 16(A)(7).
 {¶ 6} Finally, appellant's "brief" does not contain a certificate of service as required by App.R. 18(A) and (B). Nor did appellant file four copies of his "brief" with this court as required by App.R. 18(B).
 {¶ 7} This court has been faced with similar cases in the past. For example, in Reco Equipment, Inc. v. Jafari (Apr. 27, 2001), 7th Dist. No. 99-BA-45, the appellant's brief consisted of "one paragraph of argument occupying no more than one-half of one 8 1/2 X 11 piece of paper" and presented no assignment of error. In affirming the trial court's decision, we noted:
 {¶ 8} "Appellant, as the party asserting an error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; App.R. 9(B). More specifically, App.R. 16(A)(7) requires that an appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, withcitations to the authorities, statutes, and parts of the record on whichappellant relies." Id. (Emphasis sic.)
 {¶ 9} Even though appellant is proceeding pro se, he is bound by the same rules and procedures as litigants who retain counsel. Jancuk v.Jancuk (Nov. 24, 1997), 7th Dist. No. 94 C.A. 221, citing Meyers v. FirstNatl. Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210; Dawson v.Pauline Homes, Inc. (1958), 107 Ohio App. 90. As we noted in Jancuk:
 {¶ 10} "This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party." Id.
 {¶ 11} Summary judgment is proper if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Appellant makes a claim in his "brief" that he should have been entitled to arbitration. But no evidence on the record supports this allegation. Although appellant asks that this court reverse the trial court's judgment, he points to no evidence on the record to demonstrate a genuine issue of material fact. A search of the record for some evidence to demonstrate that he does not owe the balance on the account has revealed nothing. Since appellant has failed to comply with the Appellate Rules and since no genuine issue of material fact exists, the trial court's judgment is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.