[Cite as *Meek v. Collins*, 2026-Ohio-1530.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

WILLIAM R. MEEK,

Plaintiff-Appellee,

v.

GINO COLLINS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0034

---

Civil Appeal from the
Columbiana County Municipal Court, Columbiana County, Ohio
Case No. 2025 CVI 1948

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

William R. Meek, *Pro se*, Plaintiff-Appellee (No brief filed) and

Gino Collins, *Pro se*, Defendant-Appellant.

Dated: April 28, 2026

**HANNI, J.**

{¶1}   Defendant-Appellant, Gino Collins, appeals from a Columbiana County Municipal Court judgment awarding judgment in favor of Plaintiff-Appellee, William R. Meek, in the amount of $4,160 on a complaint filed by Appellee for reimbursement of a down payment Appellee paid to Appellant for the installation of a fence, which was not completed.  Appellant asserts the trial court's judgment was not supported by the weight of the evidence.  Because Appellant has failed to provide this Court with a transcript of the proceedings or a suitable transcript substitute, we have no way to review Appellant's claim.  Therefore, the trial court's judgment is affirmed.

{¶2}   On July 3, 2025, Appellee filed a pro se complaint in the Columbiana County Municipal Court.  The complaint alleged Appellee paid Appellant $4,200 as a down payment for the installation of a fence.  It asserted the fence was partially installed and then "all fence panels [were] taken back by [Appellant] and returned to Lowes."  The complaint sought $4,200 plus interest.  The court set the matter for a small claims hearing.

{¶3}   The court held a hearing on the complaint.  The parties appeared pro se.  The court heard testimony and admitted exhibits from both parties.  The court then entered judgment on September 22, 2025.  It stated that "[b]ased upon the testimony provided and evidence submitted" it was awarding judgment in favor of Appellee in the amount of $4,160.

{¶4}   Appellant filed a timely notice of appeal.  He now raises a single assignment of error for our review.

{¶5}   Appellant's sole assignment of error states:

THE TRIAL COURT ERRED BY ENTERING A MONEY JUDGMENT AGAINST DEFENDANT-APPELLANT WHERE THE AMOUNT OF DAMAGES AWARDED WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6}   Appellant argues that Appellee failed to establish the amount of damages with reasonable certainty.  He claims Appellee did not present reliable documentation

clearly demonstrating the scope of the fence installation services performed, that the services were completed, or how the total dollar amount was calculated. Appellant asserts Appellee should have introduced an itemized invoice, proof of agreed-upon pricings, or documentation of labor and material costs. Because he claims the evidence was lacking in these respects, Appellant argues the trial court's judgment was against the manifest weight of the evidence and its judgment was not supported by sufficient evidence.

{¶7} "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Nat. Bank of Cincinnati*, 3 Ohio App.3d 209, 210 (1st Dist. 1981) citing *Dawson v. Pauline Homes, Inc*., 107 Ohio App. 90 (10th Dist. 1958) *see also Pinnacle Credit Servs., LLC v. Kuzniak*, 2009-Ohio-1021, ¶ 30 (7th Dist.) citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448.

{¶8} Appellant failed to file a transcript of the hearing or an appropriate transcript substitute. The appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript. App.R. 9(B); *Burrell v. Kassicieh*, 128 Ohio App.3d 226, 232 (1st Dist. 1998), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). If no transcript is available, then it is the appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C). App.R. 9(B). Since Appellant failed to file a transcript or transcript substitute, we are left to consider this appeal based solely on the information in the record.

{¶9} Appellant alleges the judgment is not supported by the weight of the evidence.

{¶10} When reviewing civil appeals from bench trials, an appellate court applies a manifest weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp*., 2011-Ohio-1922, ¶ 5 (8th Dist.), citing App.R. 12(C), *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77 (1984).

{¶11} Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co*., 54 Ohio St.2d 279 (1978),

syllabus. *See also, Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226 (1994). Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and findings of fact. *Gerijo*, 70 Ohio St.3d at 226 (citing *Seasons Coal Co.*, 10 Ohio St.3d 77). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. *Id*.

**{¶12}** Given that Appellant has not provided this Court with a transcript of the hearing or a suitable transcript substitute, we are left with nothing to review other than the trial court's judgment entry. That entry simply states that the court heard testimony from, and admitted exhibits offered by, both pro se parties. The court then concluded, based on the evidence, that Appellee was entitled to a judgment of $4,160.

**{¶13}** Without more to go on, this Court cannot evaluate the evidence. Given the lack of transcript or transcript substitute, we have no choice but to presume the trial court acted properly in awarding judgment in favor of Appellee.

**{¶14}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶15}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Columbiana County Municipal Court, Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**