**HOENING, Appellant,**

v.

**FRICK, Appellee.**

[Cite as *Hoening v. Frick,* 187 Ohio App.3d 139, 2010-Ohio-1788.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 2009–CA–08.

Decided April 23, 2010.

**140**

[redacted]

Michael R. Eckhart, for appellant.

Paul H. Shaneyfelt, for appellee.

GRADY, Judge.

{¶ 1} Mary Lou Hoening commenced an action for money damages against Daniel Frick on August 12, 2008, alleging fraud and conversion arising from Frick's purchase of real property from Hoening. Those claims for relief involved personal property of Hoening's that Frick allegedly removed from the premises. Frick filed an answer on October 2, 2008, denying liability. The trial court issued a scheduling order that set a trial date of June 11, 2009.

{¶ 2} On March 5, 2009, Frick filed a motion for leave to file a counterclaim. The trial court granted the motion for leave on April 8, 2009. Frick filed his counterclaim on April 15, 2009, alleging breach of contract and fraudulent misrepresentation arising from defects in the property.

{¶ 3} On April 27, 2009, Hoening's counsel filed a motion to withdraw as counsel "due to differences which have arisen regarding [his] continued represen-

tation of [Hoening]." On May 5, 2009, the trial court granted the motion to withdraw as counsel, without a hearing.

{¶ 4} On May 22, 2009, Hoening requested a continuance of the June 11, 2009 trial in order to give her time to retain new counsel and because of health concerns, citing her recent trip to the emergency room. On June 4, 2009, the trial court denied Hoening's request for a continuance.

{¶ 5} On June 10, 2009, Hoening moved to dismiss her complaint without prejudice pursuant to Civ.R. 41(A). The trial court granted that request and dismissed Hoening's complaint. On June 11, 2009, the trial on Frick's counterclaim went forward as scheduled. Hoening, who is 80 years of age, was required to represent herself. The trial court entered judgment in favor of Frick on his counterclaim and awarded him $15,296.21, plus postjudgment interest. Hoening filed a timely notice of appeal.

### FIRST ASSIGNMENT OF ERROR

{¶ 6} "The trial court abused its discretion in denying plaintiff's motion for continuance of trial."

{¶ 7} In denying Hoening's motion for a continuance of the trial, the trial court stated:

{¶ 8} "A review of the pleadings herein establishes that this matter was filed in August 2008. Rescheduling this matter within guidelines required by the Rules of Superintendence is possible but not mandated. The Court is aware that counsel for the Plaintiff was unable to resolve this matter by settlement and that Plaintiff failed to fully cooperate with prior counsel. No other attorney has agreed to take this case if a continuance is granted; therefore, the benefit fo [sic] a continuance is only theoretical.

{¶ 9} "The Court reminds counsel and the parties that it has a duty to provide all litigants with a forum in which to receive a prompt adjudication of their claims; continuing this trial will cause delay for these parties and other litigants with cases pending on the Court's docket. The Code of Judicial Conduct and the Rules of Superintendence require cases to be concluded within various time limits which the parties should endeavor to meet. This Court is given little latitude by the Rules of Superintendence in meeting deadlines. The previously established trial date should not be disturbed."

{¶ 10} The standard of review of a trial court's decision on a motion for continuance of a trial is an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 423 N.E.2d 1078. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huff-*

*man v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 11} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Ents., Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶ 12} "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Unger*, 67 Ohio St.2d at 67–68, 21 O.O.3d 41, 423 N.E.2d 1078.

{¶ 13} The factors set forth in *Unger* weighed heavily in favor of granting Hoening's motion for a continuance of the trial date. Hoening requested a reasonable time to find an attorney who would represent her at trial. Although she had not yet found an attorney when she moved for a continuance, only 17 days had passed between the date the trial court granted her previous counsel's motion to withdraw and the date on which Hoening requested a continuance. There is no reasonable basis to find, as the trial court did, that Hoening's further attempt to find an attorney would likely be futile. Hoening stated that some of the attorneys she contacted were reluctant to represent her because they would not have had sufficient time to prepare for a June 11 trial. A continuance of the trial date by a reasonable amount of time would allow additional time for a new attorney to prepare for trial, which presumably would improve Hoening's chances of finding an attorney willing to take her case.

{¶ 14} Hoening's request for a continuance was the first request for a continuance of the trial date by either party. *Unger*. There is no evidence in the record demonstrating any inconvenience to the litigants, witnesses, opposing counsel, and the trial court had the continuance been granted. The trial court stated that a continuance would cause delay for the parties and other litigants with cases pending on the court's docket. By definition, a continuance will always cause delay for the parties. There is no evidence in the record that a reasonable delay in the trial date would have prejudiced Frick. Further, there is no evidence in

the record that a continuance in this case would cause delay for litigants in other cases pending before the trial court.

{¶ 15} Moreover, the requested delay was for legitimate reasons. *Unger*. Hoening explained that she had suffered health problems of late, including a trip to the emergency room. Also, her counsel had withdrawn from the case only 17 days prior to her request for continuance. The withdrawal of her counsel was without her consent and left her unrepresented and unprepared for trial. The counterclaim against which she had to defend at trial had been filed just over a month before she filed her request and but two months before the scheduled trial date. The lateness at which the counterclaim was filed left little time to conduct discovery on the merits of the counterclaim, especially for a litigant who had lost her counsel shortly after the counterclaim was filed. Under these circumstances, it is clear that the request for continuance was for legitimate reasons.

{¶ 16} Hoening may have contributed to the circumstance that gave rise to the request for continuance. *Unger*. Her attorney decided to withdraw because of "differences which have arisen regarding [his] continued representation of [Hoening]." But there is nothing in the motion to withdraw as counsel or in the trial court's order granting the motion that would support a finding that Hoening exhibited such a lack of cooperation with her counsel that granting her a continuance of a reasonable time to find another attorney would be futile. We acknowledge that there is a June 6, 2009 letter in the record before us from Hoening to the trial court in which Hoening mentions that she had not paid her prior counsel the money that he requested. While this ultimately may have been the reason why her counsel sought leave to withdraw from the case, we do not believe it is appropriate for us to make such a finding when no such factual determination was made by the trial court.

{¶ 17} Based on our review of the record, we find that the factors in *Unger* weighed heavily in favor of granting Hoening's motion for a continuance of the trial date. Therefore, the trial court abused its discretion in denying her motion for a continuance. The first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

{¶ 18} "The trial court's denial of plaintiff-appellant's motion for continuance of trial amounted to a denial of due course of law under the Ohio constitution."

## THIRD ASSIGNMENT OF ERROR

{¶ 19} "The trial court erred in not finding the doctrine of caveat emptor applied to bar defendant-appellee's claim and/or defendant-appellee did not prove his case by a preponderance of the evidence."

{¶ 20} Based on our disposition of the first assignment of error, it is unnecessary to address the second and third assignments of error.  Therefore, the second and third assignments of error are overruled as moot.  The judgment of the trial court will be reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and FROELICH, JJ., concur.