[Cite as *Ishaq v. Ameen*, 2012-Ohio-4445.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

ZUBEIDA S. ISHAQ     :

 Plaintiff-Appellee     :   C.A. CASE NO. 2012 CA 21

v.              :   T.C. NO. 10DR163

MOHAMED R. AMEEN    :   (Civil appeal from Common
                Pleas Court, Domestic Relations)
 Defendant-Appellant    :

              :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the   28th   day of   September  , 2012.

. . . . . . . . . .

KEITH R. KEARNEY, Atty. Reg. No. 0003191 and DAVID M. PIXLEY, Atty. Reg. No. 0083453, 2160 Kettering Tower, Dayton, Ohio 45423
   Attorneys for Plaintiff-Appellee

MITCHELL W. ALLEN, Atty. Reg. No. 0052661, 5947 Deerfield Blvd., Suite 201, Mason, Ohio 45040
   Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

   **{¶ 1}** This matter is before the Court on the Notice of Appeal of Mohamed R.

Ameen, filed February 15, 2012. Ameen and Zubeida S. Ishaq were divorced on January 17, 2010, and Ameen appeals from the final judgment and decree of divorce issued by the trial court. We hereby affirm the trial court's judgment.

{¶ 2} Ishaq filed her five-paragraph complaint for divorce on May 18, 2010, in which she asserted that the parties were married on January 11, 2001 in Columbo, Sri Lanka, and that one child was born as issue of the marriage. According to the Complaint, Ameen is guilty of extreme cruelty and gross neglect of duty, and the parties are incompatible. Ameen's answer provides that he admits the allegations in paragraphs one to five of the complaint with the specific exception that he denies being guilty of extreme cruelty and gross neglect of duty.

{¶ 3} After a settlement conference on February 10, 2011, the court ordered the parties to mediation. A pretrial conference scheduled for April 20, 2011 was rescheduled for May 25, 2011, and then for July 8, 2011, at the joint request of the parties for the purpose of continuing mediation. Ishaq then requested another continuance for the reason that she filed a petition in bankruptcy. The court granted the motion.

{¶ 4} On August 1, 2011, the trial court set the matter for a final hearing on October 25, 2011. The order provides: "The Plaintiff shall be responsible for obtaining the relief from stay order in her bankruptcy case so the Court can proceed. No further continuances will be granted for the parties to obtain the relief from stay."

{¶ 5} On October 17, 2011, counsel for Ameen filed a motion to withdraw. The motion provides that after "several mediation sessions," the parties and their attorneys met for a final session on October 7, 2011. The motion further provides that after the final session, the parties and their attorneys signed a Mediation Agreement, but that Ameen subsequently decided

that "he wants to contest the divorce case generally." Finally, the motion indicates that Ameen "has been advised and is aware of the Court date and been advised of the consequences of his decision." Attached to the motion is an email from Ameen to his counsel, dated October 17, 2011, which provides that he intends to contest his divorce. The email further provides that he no longer needs counsel's services, that he decided to either "seek other attorney" or proceed pro se, and that he is "aware of the court date set for October 25th."

{¶ 6} Also on October 17, 2011, the court granted the motion to withdraw. Its order provides in part:

It is the further Order of the Court that should the Defendant seek to obtain new counsel to represent him that he shall present a copy of this ORDER to the proposed new counsel prior to that new counsel entering an official notice of appearance on behalf of the Defendant. The proposed new counsel must be prepared to enter the case and be ready and willing to proceed with the already scheduled hearing on October 25, 2011 at 1:30 p.m. No continuances will be granted without a showing of good cause and specifically for the reasons that new counsel has a conflict with another court hearing or to allow for additional time for the attorney to prepare for a hearing.

{¶ 7} On October 20, 2011, Ameen filed a Suggestion of Stay, asserting that Ishaq failed to file a motion for relief from the bankruptcy stay as ordered by the court, and arguing that "no further action can be taken until relief from said stay is obtained or the stay is otherwise terminated." Ameen asked the court to cancel the final hearing and stay the proceedings.

{¶ 8} On October 25, 2011, substitute counsel for Ameen filed a "Limited Notice of

Appearance to File Motion to Continue Trial and Raise Certain Issues for the Record" ("Limited Notice"). According to the Limited Notice, Ameen "wishes to have paternity tests to establish the paternity of the child." The notice further asserts that Ameen "has been unemployed for a significant amount of time and a motion to reduce temporary spousal support should have been filed in this case." According to the notice, there is a "mahr provision" in the parties' "marriage contract," which "acts as a pre-nuptial agreement," and this "issue needs to be litigated and briefed." The notice also asserts that the bankruptcy stay is still pending and that any judgments entered in connection with the divorce would be void. Finally, the motion requested a continuance to prepare for trial.

{¶ 9} At the final hearing, the court first addressed the issues raised by counsel for Ameen in his Limited Notice. Ameen acknowledged that he sent the email attached to the Limited Notice regarding withdrawal of counsel, and further that the court clearly indicated to him that he needed to retain an attorney prepared to go to trial, and finally that current counsel's representation was limited to the filing of the Limited Notice.

{¶ 10} The court advised the parties as follows:

There was a suggestion of bankruptcy. I have in my possession a copy of the Agreed Relief from Stay signed by * * * the trustee, Attorney Zeigler on behalf of the Petitioner, Mr. Kearney, Mr. Tarazi, and both parties in the case.

In addition to that, I had a telephone conversation with the attorney and he anticipates the discharge of the bankruptcy to be filed within a matter of date (sic) in the bankruptcy court * * * .

{¶ 11} Ishaq then testified that the parties participated in four mediation sessions, the

last of which occurred on October 7, 2011. Ishaq stated that she, Ameen, counsel for both parties, and the mediator were present, and they resolved the issues of custody, spousal and child support, division of assets and allocation of debts. Ishaq identified the original mediation agreement entered into by her and Ameen as well as their signatures thereon. Ishaq requested that the court approve the mediation agreement and make it an official court order. Finally, regarding the bankruptcy action, Ishaq acknowledged signing the original Agreed Relief from Stay, she stated that Ameen also signed it in her presence, and she stated that it was then presented to her bankruptcy lawyer to obtain the signature of the bankruptcy trustee. The document is not part of the record. Regarding the bankruptcy, Ishaq acknowledged that any of her surviving debt therefrom would be her responsibility. On cross-examination, Ameen raised the issue of his child's paternity, and the court advised him that he "had almost 18 months" to ask the Court to order paternity testing, and that he further admitted paternity in his answer to the complaint.

{¶ 12} Ishaq then called Ameen to the stand, and he admitted participating in mediation, during which he, his counsel, Ishaq, her counsel, and the mediator were present. He identified his signature on the Mediation Agreement of October 7, 2011. In an exchange with the court, Ameen asserted that there "was a prenuptial agreement in the marriage," that is a "civil contract," and "that is the condition that Sri Lanka courts are going by." The court indicated that Ameen failed to raise the issue, and that the court could not apply Sri Lanka law. Finally, in response to questions from the court, Ameen indicated that the inventory of household goods attached to the mediation agreement was "incomplete," specifically regarding tools and paintings in the marital residence. After a discussion with both parties, the court resolved the issue of household goods

to their satisfaction.

{¶ 13}   The following exchange occurred at the conclusion of the hearing:

THE COURT: Is there anything else in that agreement that you somehow want to tell me I need to know something about?

MR. AMEEN: Not really.

THE COURT: So I think we've covered all of your concerns.

MR. AMEEN: Yes.   I'm sorry, the only thing - -

THE COURT: The legal ones I can't do anything about.

MR. AMEEN: Yes.

THE COURT: You didn't raise the issue of the parentage and you didn't bring me anything about the prenuptial agreement from Sri Lanka.  I can't do anything about those.

Once again, between you and your attorney and whoever else you might want to get involved, but there doesn't seem to be any reason for me not to divorce you folks and accept that agreement and add to it these two paintings that you're getting, and get you two separated legally.

Any other reason you could think of why I shouldn't do that?

MR. AMEEN: Not really.

The court indicated that it granted the divorce and that the Mediation Agreement would be incorporated into the final decree, "with the addition of the two paintings that the Plaintiff is going to let the Defendant have at her choice."

{¶ 14}   Ameen asserts two assignments of error herein which we will consider together.

They are as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT DEFENDANT'S REQUEST FOR A CONTINUANCE AND, WITHOUT JURISDICTION TO DO SO, DIVIDED MARITAL PROPERTY AND DEBT."

And,

"THE COURT ERRED IN FAILING TO RECOGNIZE THE *MAHR* PROVISION OF THE PARTIES' MARRIAGE CONTRACT AND TO ENFORCE THE SAME AS AN ANTE-NUPTIAL AGREEMENT."

{¶ 15}  According to Ameen, Ishaq's pending bankruptcy petition "brought into effect the automatic stay of 11 U.S.C. § 362 which 'stays the equitable distribution in a divorce case of the debtor's interest in marital assets.'  *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 66." Ameen asserts that the court lacked jurisdiction to divide the marital assets and debts.  Ameen also asserts that he was unable to adequately prepare for the final hearing, since the court "released" his counsel "a mere eight days prior to trial" and did not afford him "a proper opportunity to litigate the issues in his case."   Ameen asserts that he is entitled to the enforcement of the the alleged "*Mahr* provision."

{¶ 16}  Ishaq responds that Ameen "had eighteen months to prepare for the final hearing, he signed an agreed order to remove the stay, and no assets of the bankruptcy estate were divided until after the Appellee was granted a discharge in her bankruptcy case."

{¶ 17}   "The standard of review of a trial court's decision on a motion for continuance of a trial is an abuse of discretion." *Hoening v. Frick*, 187 Ohio App.3d 139, 2010-Ohio-1788, 931 N.E.2d 211, ¶ 10 (2d Dist.)   As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 18}** As this Court noted in *Hoening*:

"In evaluating a motion for continuance, a court should note, inter alia: * * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the defendant contributed to the circumstances which give rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. * * * ." *Id.*, ¶ 12 (citation omitted).

**{¶ 19}** We agree with Ishaq that the court did not abuse its discretion in failing to grant Ameen a continuance. While the filing of a bankruptcy petition does stay the equitable distribution of the debtor's interest in marital property (*Miley*, *id*.), the court indicated that it possessed a copy of the "Agreed Relief from Stay," signed by both parties, their counsel, and the bankruptcy trustee, and Ameen did not dispute the existence of the document. Regarding

Ameen's assertion that he lacked time to prepare for trial, Ameen contributed to the circumstances giving rise to the need for a continuance when he terminated his relationship with his counsel a little over a week before the final hearing.

{¶ 20} Further, the United States Bankruptcy Court for the Southern District of Ohio issued a "Discharge of Debtor" regarding Ishaq's petition on October 26, 2011, and on November 16, 2011, the Bankruptcy Court closed the matter, in Case No. 3:11-bk-33609. The parties' marital assets were divided by court order on January 17, 2012, when the Final Decree was issued. "It is well known that a court speaks through its journal entry." *Brookville National Bank v. Credit Bureau of Dayton, Inc.,* 2d Dist. Montgomery No. 6301, 1980 WL 352479, * 3 (May 21, 1980). In other words, Ameen has not established that the court lacked jurisdiction when it issued its final decree.

{¶ 21} Finally, regarding the "*Mahr* provision," Ameen did not raise the issue until the date of the final hearing, in his "Limited Notice," almost a year and a half after the complaint was filed. Civ.R. 10(D) provides: "When any * * * defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading." If the written instrument is not attached, "the reason for the omission must be stated in the pleading." *Id*. There is no evidence of the alleged "antenuptial agreement" in the record, nor has the reason for its omission been stated. Accordingly, Ameen's assertion that he is entitled to its enforcement fails.

{¶ 22} There being no merit to Ameen's assigned errors, they are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Keith R. Kearney
David M. Pixley
Mitchell W. Allen
Hon. Steven L. Hurley