[Cite as *Gambino v. Pugh*, 2018-Ohio-1121.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID A. GAMBINO, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 17 MA 0110 |
| V. | ) | |
| | ) | OPINION |
| MICHAEL PUGH, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 14 CV 3227

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellant    David Gambino Pro-se
19757055
P.O. Box 2000
Joint Base MDL, NJ 08640

For Defendants-Appellees    Attorney Timothy Bojanowski
3100 West Ray Road, Suite 300
Chandler, AZ 85226

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: March 23, 2018

DONOFRIO, J.

{¶1} Plaintiff-appellant, David Gambino, appeals the judgment of the Mahoning County Court of Common Pleas granting summary judgment on his claim for negligence in favor of defendants-appellees, Michael Pugh, Captain Austin, Officer Stump, Officer Bruno, Officer Johnson, Officer Sean Daughtery, and "Medical Proxy for David A. Gambino." Additionally, appellant seeks remand of this action along with an order from this Court granting him a court appointed attorney.

{¶2} This is a second appeal from this case. The previous appeal was heard by this Court in *Gambino v. Pugh*, 7th Dist. No. 15 MA 0138, 2016-Ohio-7217. At all times relevant, appellant was a federal inmate incarcerated at the Northeast Ohio Correctional Center (NOCC) in Youngstown, Ohio. At all times relevant, appellees were all employees at the NOCC.

{¶3} Appellant initially filed what appeared to be a civil rights complaint in the U.S. District Court for the Northern District of Ohio in *Gambino v. Pugh*, N.D. Ohio No. 4:13CV817, 2013 WL 5519719 (the federal action). In the federal action, appellant filed a complaint alleging five claims which were all dismissed by the court. However, the court in the federal action held that appellant's claims based on Ohio law were dismissed without prejudice.

{¶4} Appellant then filed this action raising six claims, many of which were identical claims raised in the federal action. Both the federal action and the instant matter concerned treatment appellant received while he was an inmate at the NOCC. Specifically, appellant argued that he was forced to "hold it," referring to his bowel movements, for a period of approximately six hours because his requests for toilet paper were continually denied. Appellant alleged the delay of receiving toilet paper forced him to hold his bowel movements and subsequently caused him severe rectal damage. In a separate incident, appellant also alleged that correction officers intentionally caused him harm by squeezing or hitting his genitals.

{¶5} Appellees filed a motion to dismiss appellant's claims on the basis that they were barred by res judicata due to the federal action, they failed to state a claim upon which relief could be granted, or the claims were time barred. The trial court

granted appellees' motion and dismissed all of appellant's claims. Appellant appealed the dismissal of all of his claims to this Court.

**{¶6}** This Court reversed the trial court's dismissal of appellant's first claim, which appeared to be a claim for negligence concerning the incident where appellant was required to "hold it." *Gambino v. Pugh*, 2016-Ohio-7217 at ¶ 19. This Court held that appellant's negligence claim was not barred by res judicata and "minimally" stated a claim upon which relief could be granted. *Id.* at ¶ 21. The case was then remanded back to the trial court to proceed on appellant's sole remaining negligence claim.

**{¶7}** Upon remand, appellant began arguing to the trial court that he was being denied equal access to the court. Specifically, appellant argued his access to the court was impaired because he was not provided with various materials from the clerk of courts, his legal mail was improperly addressed, and that he was unable to access: the Ohio Revised Code, the Ohio Rules of Civil Procedure, or Ohio case law as he was a federal prisoner.

**{¶8}** In a judgment entry dated November 30, 2016, the trial court ordered appellees to respond to appellant's claim that he was being denied equal access to the court. Appellees responded arguing: (1) while the U.S. Supreme Court has held that access to a law library is not a constitutionally protected right, (2) appellant had access to a law library at his new prison located in Fort Dix, New Jersey, and (3) appellant still had access to the court as he was able to file numerous pleadings, motions, and notices.

**{¶9}** Appellant eventually sent requests for production of documents to appellees seeking numerous items including, but not limited to: various policy documents of the NOCC, diagrams of the NOCC, grievances filed against appellees, all electronic communications to and from some of appellees, disciplinary reports, appellant's medical records, and all video and audio recordings which depicted appellant. Appellees responded to appellant's requests for production of documents. But in "Motions for 60 day Extension of Discovery and Trial" dated May 10, 2017,

appellant argued that appellees failed to produce approximately 90% of the discovery he requested. The only specific pieces of discovery that were lacking that appellant took issue with in said motions were an injury report supposedly drafted pursuant to the Prison Rape Elimination Act (PREA) concerning appellant, medical documents and video concerning the PREA report, and the fact that medical records contained redacted information. The trial court granted appellant's continuance and ordered that no further delays would be granted without good cause.

{¶10} Appellees eventually filed a motion for summary judgment. Appellees argued that there was no genuine issue of material fact as to any element of appellant's negligence claim. In response, appellant filed a "Declaration of David Gambino in Opposition of the Defendant[']s Summary Judgment filed on 4/13/2017." In his declaration, appellant argued that appellees provided him with "a giant pile of papers that they state are the 'Discovery' that the [Appellant] has requested," appellees refused to mark any and all mail addressed to him as "legal mail" which created a delay in him receiving said mail, the affidavits attached to appellees' motion for summary judgment were false, and that he still did not have access any Ohio law. Appellant's declaration in opposition to summary judgment pointed to no specific facts in the record which created a genuine issue of material fact concerning his negligence claim and no affidavits or exhibits were attached to it.

{¶11} In a judgment entry dated June 21, 2017, the trial court granted appellees' motion for summary judgment. The trial court held that appellant failed to create a genuine issue of material fact concerning the elements of breach and proximate cause in his claim for negligence against appellees. Appellant timely filed this appeal on July 6, 2017. Appellant now raises four "issues" and not assignments of error.

{¶12} Appellant's first issue states:

DENIAL OF ACCESS TO STATE LEGAL MATERIALS, LAWS, CODES, REGULATIONS, AND BASIC LOCAL COURT RULES.

{¶13} Appellant argues that, as a federal inmate, it is the responsibility of the state to provide him with legal materials. Appellant argues that while he requested state legal materials multiple times from the court, he was never provided them. Appellant argues that the court's failure to provide him with such materials constitutes a denial of access to the court.

{¶14} As a result of appellant's continued complaints that he was being denied access to the court, which included access to Ohio legal materials, appellees filed a response to plaintiff's claim dated January 13, 2017. In this response, appellees cited the U.S. Supreme Court's decision in *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In *Casey*, Arizona inmates brought a class action lawsuit alleging that they were being denied adequate legal research facilities which thereby deprived them of access to the courts. *Id.* at syllabus. The Court held that its prior decision in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 77, "did not create an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. While *Bounds* affirmed a court order requiring North Carolina to make law library facilities available to inmates, the decision in *Bounds* "[did] not foreclose alternative means to achieve that goal." *Id.* at 350-351.

{¶15} In the same response, appellees argue that when an inmate alleges his access to the courts was denied because he lacked access to the law library or certain books, he fails to state a claim for relief absent any showing of prejudice to his litigation. This appears to be a summation of the holding in *Casey* where the Court held that in order to prevail on a claim for denial of meaningful access to the courts, "the inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351.

{¶16} In support of his argument, appellant attached exhibit 1 to his brief. Exhibit 1 is a copy of a U.S. Department of Justice program statement concerning inmate legal activities dated November 5, 1999. On the third page of exhibit 1, appellant highlights a section which states, in relevant part, "[s]tate officials are

responsible for providing state legal assistance and/or state legal materials to state inmates transferred to federal custody."

**{¶17}** There is nothing in the record that indicates appellant is a state inmate transferred to federal custody. The only thing known for certain from the record is that appellant is currently and was, at the time the events giving rise to this action took place, a federal inmate. Moreover, per this Court's decision in appellant's prior appeal, appellant's only remaining claim in this case is a civil action for negligence. *Gambino v. Pugh*, 2016-Ohio-7217 at ¶ 19.

**{¶18}** "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Nat. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist. 1981) citing *Dawson v. Pauline Homes, Inc.*, 107 Ohio App. 90, 154 N.E.2d 164 (10th Dist. 1958) *see also Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. No. 08 MA 111, 2009-Ohio-1021, ¶ 30 citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25. Ultimately, because this action is a civil claim for negligence, the fact that appellant has not been provided with state legal materials does not constitute a denial to access of the court.

**{¶19}** Accordingly, appellant's first issue is without merit and overruled.

**{¶20}** Appellant's second issue states:

> DENIAL OF STAY OR CONTINUANCE TO CONDUCT SUMM[A]RY JUDGMENT DISCOVERY.

**{¶21}** Appellant appears to argue the trial court's failure to rule on two different issues was error. First, appellant argues that he filed an objection to appellees' discovery on the basis that it was lacking approximately 90% of what appellant was requesting. Additionally, appellant argues that the trial court failed to rule on a motion for a continuance.

**{¶22}** The standard of review for the denial of a motion for a continuance is

whether the trial court abused its discretion. *Hoening v. Frick*, 187 Ohio App.3d 139, 141, 2010-Ohio-1788, 931 N.E.2d 211 (2d Dist.). Abuse of discretion implies that the court acted in an unreasonable, arbitrary, or in an unconscionable manner. *State v. Herring*, 94 Ohio St. 3d 246, 2002-Ohio-796, 762 N.E.2d 940.

**{¶23}** Regarding any motions for a continuance, appellant filed two separate motions for a continuance: "Motions for 60 Day Extension of Discovery and Trial" filed on March 10, 2017, and a "Motion for Expedited Stay, or in the Alternative Expedited Continuance of Defendant[']s Summary Judgment filed March 17, 2017" on April 3, 2017. Despite appellant's contentions, the trial court granted appellant's motion for a continuance dated March 10, 2017 in a magistrate order dated April 5, 2017. The trial court specified that no further continuances would be granted without good cause.

**{¶24}** Appellant claims that appellees were acting in bad faith by refusing to turn over proper discovery. But the record does not contain any of appellees' responses to appellant's discovery requests. Moreover, appellant never filed a motion to compel discovery. Appellant merely filed a motion for a continuance to respond to appellees' motion for summary judgment arguing that appellees were withholding evidence and appellees failed to provide initial disclosures. But the Ohio Rules of Civil Procedure do not mandate initial disclosures in civil proceedings.

**{¶25}** As previously stated, pro se civil litigants should be held to the same standard as civil litigants who retain counsel. There was over two months between when appellant filed his second motion for a continuance and when the trial court granted appellees' motion for summary judgment. Furthermore, appellant's second motion for a continuance did not show good cause as to why it should have been granted. Ultimately, the trial court's judgment denying appellant's second motion for a continuance was not an abuse of discretion.

**{¶26}** Accordingly, appellant's second issue lacks merit and is overruled.

**{¶27}** Appellant's third issue states:

> DENIAL OF ACCESS TO THE COURT BY FEDERAL MAIL HINDERING, OBSTRUCTING, AND MANIPULATION.

**{¶28}** Appellant essentially argues that the trial court, the clerk of court, and counsel for appellees continued to label his mail improperly after he made numerous requests to have his mail labeled in a particular manner. Appellant argues that because his mail was not labeled as "legal mail; open in presence of inmate," this hindered his ability to present his case and further resulted in his denial of access to the court.

**{¶29}** Appellant raises in this issue something he refers to as the "jail mail rule." (Brief of Appellant, 11-12). According to appellant's description of the jail mail rule, legal mail is considered served if it is handed to the inmate, signed for, or time/date stamped. As an example, appellant illustrates that if a court were to issue a 10 day time period for a pro se inmate to file anything, the 10 day period would not begin to run until the mail is considered received by the inmate.

**{¶30}** In support of this issue, appellant attached exhibit 2 to his brief. Exhibit 2 appears to be a two page portion of some federal correctional system policy addressing special and legal correspondences. But nothing in appellant's exhibit 2 is relevant to his claim that the trial court, the clerk of court, or counsel for appellees' circumvented his right to receive relevant pleadings, motions, discovery, or rulings.

**{¶31}** Moreover, appellant does not point to anything in the record which indicates he experienced a delay in receiving motions, discovery, or rulings as a result of incoming mail not being labeled as "legal mail." To the contrary, the record shows that appellant responded numerous times to motions filed by opposing counsel in a timely manner.

**{¶32}** Accordingly, appellant's third issue lacks merit and is overruled.

**{¶33}** Appellant's fourth issue states:

DENIAL OF VIDEO EVIDENCE OF ATTACK ON TESTIC[LE]S DURING MEDICAL EMERGENCY NEED FOR FECAL/BOWEL EVACUATION.

**{¶34}** Appellant argues that the trial court abused its discretion by refusing to

allow him to compel appellees to produce a video tape that allegedly depicts some of appellees attacking his testicles.

**{¶35}** There is no indication in the record that such a tape existed. Appellees' responses to appellant's discovery requests are not part of the record. Moreover, appellant failed to file a motion to compel discovery. The general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Anwan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986) citing *State v. Childs*, 14 Ohio St.2d 83, 236 N.E.2d 545 (1968). With no motion to compel filed on behalf of appellant and no ruling from the trial court, it does not appear that the trial court "refused to allow the [appellant] to compel the video." (Brief of Appellant, 16).

**{¶36}** Accordingly, appellant's fourth issue lacks merit and is overruled.

**{¶37}** Additionally, appellant requests that this case be remanded so he could be granted a court-appointed attorney. (Brief of Appellant 19). "Absent evidence of exceptional circumstances justifying the appointment of counsel, an individual plaintiff is not ordinarily entitled to a court-appointed attorney in a civil action." *State ex rel. Montgomery v. Maginn*, 147 Ohio App.3d 420, 770 N.E.2d 1099, ¶ 15 (12th Dist. 2002) citing *Perotti v. Ohio Dept. of Rehab. & Corr.*, 61 Ohio App.3d 86, 572 N.E.2d 172 (10th Dist. 1989). An indigent party has a right to appointed counsel in a civil case "only when, if he loses, he may be deprived of physical liberty." *Id.* citing *Lassiter v. Dept. of Social Serv.*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d. 640 (1981). Even though appellant is currently a federal inmate, he does not face the possibility of an extended prison sentence as a result of this action. Therefore, he is not entitled to a court appointed attorney in this action.

{¶38} For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., Concurs

Robb, P. J., Concurs