[Cite as *Hunter v. Gacek*, 2021-Ohio-2012.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

PAMELA SUE HUNTER,

Plaintiff-Appellee,

v.

GARY E. GACEK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 BE 0003**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CV 356

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jeffrey McCamic,* Spilman, Thomas & Battle, PLLC, 1233 Main Street, #4000, P.O. ox 831, Wheeling, West Virginia 26003, for Plaintiff-Appellee and

*Atty. Michael Shaheen,* Shaheen Law Group, 128 South Marietta Street, P.O. Box 579, Saint Clairsville, Ohio 43950, for Defendant-Appellant.

Dated: June 11, 2021

_____

**D'Apolito, J.**

{¶1} Appellant, Gary E. Gacek, appeals from the judgment of the Belmont County Court of Common Pleas, denying his Civ.R. 60(B) motion for relief from judgment. On appeal, Appellant asserts the trial court abused its discretion in denying his motion and claims he is entitled to relief under Civ.R. 60(B)(2), (3), and (5). Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and Appellee, Pamela Sue Hunter, began a relationship in July 2003. On February 23, 2004, a quit claim deed was recorded with the Belmont County Auditor, Instrument No. 200400001536, Volume 0796, Pages 206-207, in which John Greg Wesley ("Wesley") conveyed to the parties one tract of real property situated in the Township of Kirkwood, Belmont County, Ohio. (Plaintiff's Exhibit 1). A general warranty deed with right of survivorship was also recorded that same date, Instrument No. 200400001537, Volume 0796, Pages 208-214, in which Wesley conveyed to the parties five tracts of real property situated in the Township of Kirkwood, Belmont County, Ohio. (Plaintiff's Exhibit 3). The six tracts were purchased for a total of $135,000. (Plaintiff's Exhibit 4).

{¶3} Appellant and Appellee entered into an open-end mortgage with Belmont Savings Bank for a loan amount of $121,500. (Plaintiff's Exhibit 5). The parties later refinanced the mortgage, took out a line of credit, and sold the mineral rights underlying the surface of the six tracts of land. (Plaintiff's Exhibit 6). They subsequently paid off the mortgage and line of credit. They later purchased certain personal property, including cattle. They terminated their relationship in 2017.

{¶4} On September 7, 2018, Appellee filed a complaint for partition and conversion against Appellant. Appellant filed various pleadings pro se as an answer and counterclaim, including handwritten notes to the trial judge. Appellant denied the allegations and indicated, inter alia: "You'll catch this cheat;" Appellee and her "idiot" attorney are "Gold Diggers" and are "blowing smoke;" Appellant and Appellee "did not

sleep together" and Appellant "often went to church alone;" and Appellant also quoted a "Hope" poem for Appellee's representative.  (9/21/2018, 9/26/2018, 9/27/2018, 9/28/2018, 10/1/2018, 10/2/2018, 10/3/2018, 10/4/2018, Appellant's Pro Se Pleadings). Appellee filed a reply.

{¶5}    On October 5, 2018, the trial court ordered Appellant to send copies of all future filings to Appellee's counsel, comply with the Ohio Rules of Civil Procedure, and refrain from filing any frivolous pleadings.  The court also encouraged Appellant to retain an attorney.  Notwithstanding the court's order, Appellant mailed a copy of the order to the clerk of courts with various handwriting on the envelope including "In God We Trust." The copy was received and rejected by the court.  Appellant also continued filing various pro se answers to the complaint as well as correspondence to the trial judge and clerk of courts.   (10/12/2018, 10/15/2018, 10/18/2018, 11/5/2018, 11/16/2018, 12/7/2018, 12/20/2018, 12/28/2018, 1/2/2019, 1/28/2019, 1/29/2019, 2/27/2019, 2/28/2019).

{¶6}    A bench trial was held on March 5, 2019.  Appellee appeared with her attorney.  Appellant did not appear due to an alleged illness.[1]  On March 13, 2019, the trial court found Appellee owner in fee simple in an undivided one-half interest in the real property, found Appellant owner in fee simple in an undivided one-half interest in the real property, ordered partition in favor of Appellee, awarded $17,750 to Appellee for excess proceeds received by Appellant on the sale of the parties' mineral rights, awarded $39,000 with interest to Appellee for compensatory personal property damages, and dismissed Appellant's counterclaim.

{¶7}    Appellant filed two correspondence addressed to the trial judge with handwritten notations, including "I expect you to do your job and you make a fair judgment," and "I honestly fear non-human intervention on you, [counsel], and [Appellee] if you continue to perpetuate an injustice on me."  (3/18/2019).  On March 19, 2019, the trial court instructed the clerk of courts to process Appellant's filing as an appeal. Appellant filed more correspondence addressed to the trial judge.  (3/19/2019, 3/26/2019, 3/27/2019, 4/1/2019, 4/15/2019).

{¶8}    Appellant subsequently retained counsel and filed a compliant notice of appeal on July 8, 2019, Case No. 19 BE 0009.  However, Appellant later filed a motion to

---

[1] There is no evidence in the record to support Appellant's mental health claim.

voluntarily dismiss the appeal, which this court granted on September 26, 2019.

**{¶9}** On November 14, 2019, Appellant, through counsel, filed a motion for relief from judgment pursuant to Civ.R. 60(B)(2), (3), and (5) seeking an order setting aside the trial court's March 13, 2019 judgment. Appellee filed a brief in opposition. A hearing was held on December 18, 2019.

**{¶10}** At the hearing, Appellant's counsel stressed that there was no "expert testimony" with regard to Appellee's "petition" action and Appellee herself has not been trained in that field. (12/18/2019 Hearing T.p. 6-7). The trial judge replied, "That may all be true, but that's not what 60(B) says." (*Id.* at 7). Appellant's counsel continued to take issue and claimed that his client "has been forever damaged because he A, couldn't understand or manage the process, and B, the only information you were given was [Appellee] on their own opine." (*Id.* at 8). The trial judge replied, "[Appellant] was very much encouraged to seek counsel. As a matter of fact, I did anything but get on my hands and knees and beg him to get counsel." (*Id.*)

**{¶11}** Appellee's attorney addressed the court by stating: "We put on the evidence. You heard the evidence. As judge, you evaluate it as best you can, and you came up with the decision that you came up with. I don't believe there is any new evidence that wasn't available prior to the trial which is a requirement of the motion 60(B) to offset that." (*Id.* at 12). Appellant's counsel replied, "[W]e can agree to disagree about whether [Appellee] could have or should have acquired an expert to talk about dividing up the property." (*Id.* at 13).

**{¶12}** The trial judge concluded as follows:

Gentlemen, the motion was filed for relief of judgment under Rule 60(B) on November 14, 2019 and it refers to (B)(2), (B)(3) and (B)(5).

If I go to (B)(2), it refers to newly discovered evidence. There has been no presentation of newly discovered evidence.

Fraud. This Court has found no fraud at all.

And then we go to [(B)(5)], any other reason justifying relief from judgment. This courts (sic) knows of none.

Case No. 20 BE 0003

So what I'm doing, except for the discrepancy of the figure between the transcript and the court order itself, I'm respectfully overruling the motion for relief from judgment.

(12/18/2019 Hearing, T.p. 13-14)

{¶13} Following the hearing, on December 19, 2019, the trial court denied Appellant's Civ.R. 60(B) motion "except for a determination of whether there is a discrepancy between the court order and the transcript."[2] (12/19/2019 Judgment Entry). Appellant filed an appeal, Case No. 20 BE 0003, and raises one assignment of error.[3]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B).**

In order to prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Ohio Receivables, LLC v. Millikin*, 7th Dist. Columbiana No. 17 CO 0038, 2018-Ohio-3734, ¶ 19, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Courts are not required to hold a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative

---

[2] An amended entry was subsequently filed on April 20, 2020 denying Appellant's Civ.R. 60(B) motion and stating that a "determination was made that there is a discrepancy between the transcript and the original Judgment Entry with regard to the inclusion of a mineral offset." (4/20/2020 Special Entry). The trial court again found Appellee owner in fee simple in an undivided one-half interest in the real property, found Appellant owner in fee simple in an undivided one-half interest in the real property, ordered partition in favor of Appellee, awarded $39,000 with interest to Appellee for compensatory personal property damages, and dismissed Appellant's counterclaim.

[3] Appellant filed a notice of appeal on January 21, 2020 and an amended notice of appeal on June 19, 2020.

Case No. 20 BE 0003

facts to support relief under Civ.R. 60(B). *Id.* at ¶ 19, citing *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935, 76 N.E.3d 653, ¶ 40 (7th Dist.).

The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995).

*Paczewski v. Antero Resources Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, ¶ 26-27.

{¶14} In this case, Appellant's November 14, 2019 Civ.R. 60(B) motion was filed within one year of the initial March 13, 2019 judgment, thereby making it timely filed. (*GTE* third prong). The two main issues here are whether Appellant has demonstrated a meritorious defense or claim (*GTE* first prong) and whether he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) (*GTE* second prong).

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

Case No. 20 BE 0003

**{¶15}** Regarding the *GTE* first prong, Appellant asserts he has demonstrated "a meritorious defense or claim" that would justify granting his Civ.R. 60(B) motion. Appellant stresses "the trial court failed to recognize that inequity that resulted in this case as a result of Appellant representing himself." (11/10/2020 Appellant's Brief, p. 7). However, this court has held that "pro se civil litigants should be held to the same standard as civil litigants who retain counsel." *Gambino v. Pugh*, 7th Dist. Mahoning No. 17 MA 0110, 2018-Ohio-1121, ¶ 25. In addition, as stated, on October 5, 2018, the trial court ordered Appellant to comply with the Ohio Rules of Civil Procedure, refrain from filing any frivolous pleadings, and encouraged him to retain an attorney. Appellant failed to comply with the court's order and failed to appear at the March 5, 2019 bench trial due to an alleged illness. As stated, however, there is no evidence in the record to support Appellant's mental health claim.

**{¶16}** Appellant further maintains "there is significant evidence that was not presented to the trial court at the hearing on March 5, 2019 that specifically relates to the ownership and valuation of certain real and personal property." (11/10/2020 Appellant's Brief, p. 7).

**{¶17}** Based on the facts presented, Appellant has not demonstrated a meritorious defense or claim that would justify granting his motion. It appears that Appellant rests on arguments of entitlement for relief under Civ.R. 60(B)(2), (3), and (5).

**{¶18}** Regarding the *GTE* second prong, Appellant argues he is entitled to relief under Civ.R. 60(B)(2) ("newly discovered evidence"), (3) ("fraud," "misrepresentation," "or other misconduct"), and (5) ("any other reason justifying relief").

**{¶19}** First, Appellant contends he is entitled to relief under Civ.R. 60(B)(2). However, Appellant's claim for relief under this section is not based upon "newly discovered evidence," but rather upon "significant evidence" that the court did not allegedly hear and consider. Appellant attacks the extent, sufficiency, and one-sidedness of the evidence the court heard at trial. There is no allegation of new evidence that was not available to the parties prior to trial that the court should now rely upon which would change the judgment.

**{¶20}** Second, Appellant claims he is entitled to relief under Civ.R. 60(B)(3). However, there is no evidence of "fraud," "misrepresentation," or "other misconduct."

Appellant's fraud allegation centers around the inadvertent inclusion of an item of compensatory damage in the prepared judgment entry which had been expressly excluded by the trial court at the time of the hearing.  The court properly recognized the inadvertent inclusion as a clerical mistake and corrected it.  Appellant further alleges that Appellee's testimony in support of her damages constitutes misrepresentation.  However, Appellee's testimony as to her opinion regarding valuation did not prevent Appellant from fully and fairly presenting a claim or defense.   *See North Orange Homeowners Association, Inc. v. Suarez*, 5th Dist. Delaware No. 2019 CAE 02 0015, 2019-Ohio-4416, ¶ 47, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275 ("The fraud or misconduct contemplated by Civil Rule 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case"); *see also Bishop v. East Ohio Gas Co.*, 143 Ohio St. 541, 546 (1944), quoting 17 Ohio Jurisprudence, 473, Section 379 ("'It is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value[.]'")

**{¶21}** Upon a review of the record, the trial court did not abuse its discretion in concluding that Appellant was not entitled to relief under Civ.R. 60(B)(2) and (3) as his motion does not contain operative facts to support relief.  *See Paczewski, supra,* at ¶ 26.

**{¶22}** Third, Appellant alleges he is entitled to relief under the "any other reason justifying relief" provision in Civ.R. 60(B)(5).  This "catch-all" provision, however, only applies when a more specific provision does not.  *Tabor v. Tabor*, 7th Dist. Mahoning No. 02-CA-73, 2003-Ohio-1432, ¶ 30.  The grounds for invoking Civ.R. 60(B)(5) should be substantial.  *Id.*

**{¶23}** For the same reasons above, involving the specific provisions in Civ.R. 60(B)(2) and (3), the trial court did not abuse its discretion in concluding that Appellant was not entitled to relief under Civ.R. 60(B)(5) following the December 18, 2019 hearing as his motion does not contain operative facts to support relief.  *See Paczewski, supra,* at ¶ 26; *see also Dover West Condominium Unit Owners' Association v. Carandang*, 8th

Dist. Cuyahoga No. 105730, 2017-Ohio-9023, ¶ 5, 12 (an appellant's dissatisfaction with her own pro se representation does not warrant relief under Civ.R. 60(B)(5)).

## **CONCLUSION**

**{¶24}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Belmont County Court of Common Pleas denying Appellant's Civ.R. 60(B) motion for relief from judgment is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**